*Singh v. Bondi*

BIA
Nelson, IJ
A208 749 121

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November, two thousand twenty-five.

PRESENT:
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

SURINDER SINGH,
> *Petitioner,*

v.

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

23-6494
NAC

_____

FOR PETITIONER:          Jaspreet Singh, Esq., Richmond Hill, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Bernard A. Joseph, Senior Litigation Counsel; Regina Byrd, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Surinder Singh, a native and citizen of India, seeks review of an April 20, 2023 decision of the BIA, affirming an August 13, 2019 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Surinder Singh*, No. A208 749 121 (B.I.A. Apr. 20, 2023), *aff'g* No. A208 749 121 (Immig. Ct. N.Y. City Aug. 13, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude

2

to the contrary," 8 U.S.C. § 1252(b)(4)(B).

In his application, Singh alleged that members of two political parties attacked him in 2014 and 2015 on account of his support for a rival party. Substantial evidence supports the agency's determination that Singh was not credible. "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions) . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam); *accord Hong Fei Gao*, 891 F.3d at 76.

Here, the IJ reasonably relied in part on discrepancies in Singh's evidence in finding him not credible, including inconsistencies with respect to whether his assailants threatened to kill him during the 2014 attack, whether he reported the attacks to police, and what injuries he suffered. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Hong Fei Gao*, 891 F.3d at 78–79 (providing that the agency may rely on the omission of facts if "those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances"). The weight attributed to those discrepancies was bolstered by Singh's evasive, unresponsive, and changing testimony when confronted with the inconsistencies. *See Jin Chen v. U.S. Dep't of Just.*, 426 F.3d 104, 113 (2d Cir. 2005) ("giv[ing] particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor"); *see also Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be . . . more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

The IJ also did not err in finding Singh's late-filed amended statement questionable given that it detailed, for the first time, a 2014 police visit only after the Attorney General clarified in a published opinion that such evidence was

necessary for asylum claims based on harm by private actors.[1]  *See Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir. 2007) ("The speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience.").

Taken together, the inconsistencies, omissions, and Singh's evasive and nonresponsive answers about them provide substantial evidence for the adverse credibility determination.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.  Moreover, the adverse credibility determination is dispositive because all three forms of relief are based on the same factual predicate.  *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

---

[1]  As the Government argues, Singh did not exhaust on appeal to the BIA challenges to the IJ's decision not to admit his late-filed evidence or the findings related to that evidence.  *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (recognizing that issue exhaustion is mandatory when the Government raises it).  Nevertheless, we note that Singh's amended statement would not likely have rehabilitated his credibility as it did not resolve certain evidentiary discrepancies or his evasiveness.

For the foregoing reasons, the petition for review is DENIED. All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court